I respectfully dissent from the majority Opinion and Award reversing Deputy Commissioner Mary Moore Hoag's Opinion and Award filed 17 July 1995 dismissing plaintiff's appeal. Although I would not vote to reverse the Deputy's Opinion and Award and I think an assessment of attorney's fee was appropriate, I would have removed the case from the active hearing docket rather than dismissing plaintiff's case.
The majority fails to note that both on the Form 33R, Response to Request that Claim be Assigned for Hearing, and the amended Form 33R defendant indicated that a hearing was unnecessary because all benefits were being paid and all medical treatment recommended by plaintiff's treating and evaluating physicians was being paid. Even plaintiff's own testimony at the brief hearing indicated that she had received all benefits and had been provided medical care. Plaintiff's attorney even seemed unclear as to plaintiff's current status as evidenced by his questioning and the responses given by plaintiff. Upon the defense attorney's raising the question as to what issue was for trial, plaintiff's attorney's only response was "Well, we ought to get these hearings once in a while."
This attitude on the part of plaintiff's counsel explains to some extent the presence of the backlog of cases to be tried at the Deputy Commissioner level. When cases are not properly assessed and the current status is not monitored, matters are calendared and heard in full or in part consuming valuable trial time which prevents other cases with justiciable issues from being heard and ruled upon.
Therefore, I would vote to affirm the Deputy Commissioner's Opinion and Award including her assessment of attorney's fees with the exception that I would have removed the case from the active hearing docket rather than dismissing plaintiff's case.
 S/ __________________________ DIANNE C. SELLERS COMMISSIONER